UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTONIO LOPEZ DEL VALLE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26-CV-142-CCB-SJF |
| BRIAN ENGLISH, | |
| Respondent. | |

## OPINION AND ORDER

Immigration detainee Antonio Lopez Del Valle, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.) Mr. Lopez Del Valle is a citizen of Mexico who entered the United States without inspection in 1998. (*Id.* at 3.) In August 2025, he was arrested by agents of Immigration and Customs Enforcement (ICE) in New York pursuant to an administrative warrant and was issued a Notice to Appear in immigration court for removal proceedings.[1] (ECF 8-2 at 3-5.)

---

[1] It can be discerned from documentation submitted by the Respondent that Mr. Lopez Del Valle also lived in the United States during the early 1990s. After removal proceedings were initiated against him, he was granted leave to voluntarily depart the country by an immigration judge. (ECF 8-2 at 4-6.) The judge issued an alternate order of removal in the event he did not voluntarily depart by the date specified. (*Id.* at 6.) The parties' briefs do not address whether he voluntarily departed by the deadline, potentially implicating the removal order. The government does not argue that he is subject to a final order of removal, and instead argues that his detention is governed by 8 U.S.C. § 1225(b)(2) because he was never lawfully admitted to the United States. (ECF 8.) The court therefore does not explore this issue further. *Clark v. Sweeney*, 146 S. Ct. 410, 412 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

He was then transferred to Miami Correctional Facility (MCF), where he remains at present. (ECF 1 at 3.) He sought release on bond, but an immigration judge denied his request concluding that he is statutorily ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.* at 11.) He argues that his continued detention without an opportunity for bond violates applicable statutes and the Fifth Amendment Due Process Clause. (ECF 1 at 4-5.) He seeks immediate release or, alternatively, a prompt bond hearing. (ECF 1 at 12; ECF 9 at 3.)

In an order to show cause, the court directed the Respondent to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents have answered the petition (ECF 8), and Mr. Lopez Del Valle has filed a reply (ECF 9).

The Respondent repeats his argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Lopez Del Valle is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 9.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court

2

continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[2] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Lopez Del Valle who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306. Here, Mr. Lopez Del Valle was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 8-2 at 1.) However, he has not been provided

---

[2] The court is aware of the 2-1 opinion in *Buenrostro-Mendez v. Bondi*, No. 25-20496, ___F4th___, 2026 WL 323330, at *9 (5th Cir. Feb. 6, 2026), reaching a different conclusion. This opinion is not binding in this Circuit, and the court remains convinced that its prior analysis of § 1225(b)(2) is sound.

with a bond hearing in accordance with that statute, because the immigration judge concluded that he is categorically ineligible for bond under § 1252(b)(2). (ECF 8-2 at 11.) This was error for the reasons previously explained.

The court concludes that the appropriate remedy in this situation is an order requiring the government to provide Mr. Lopez Del Valle with a bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753, at *1 (N.D. Ind. Jan. 12, 2026) (Brisco, J.). The court notes that, in his petition, Mr. Lopez Del Valle seeks either release or a bond hearing, but in his reply he focuses on the request for a bond hearing. (ECF 9 at 3.) The court views the opportunity for a bond hearing as the correct remedy rather than outright release. He has been detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). He requests that the hearing occur within three days, which seems difficult to accomplish given the volume of immigration cases currently pending before immigration judges. Balancing the interests at stake, the court will order the hearing to occur within seven days. If the government does not provide him with an individualized bond hearing

4

within that timeframe then he must be released, because his continued detention without an opportunity for bond is unlawful.[3] 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus (ECF 1) and **ORDERS** the respondent to release Antonio Lopez Del Valle on or before **March 2, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order;

(3) **ORDERS** the respondent to file proof of compliance with this order by **March 3, 2026**; and

(4) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on February 23, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Because the court concludes that Mr. Lopez Del Valle is entitled to relief as a matter of statutory law, the court does not reach his alternate argument under the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").